[JAN W. CLAIBORNE, Judge Pro Tern.
Plaintiff, Benny Taylor (Taylor), filed a claim for workers’ compensation benefits against his employer, the State of Louisiana Department of Public Safety and Corrections (the State). He alleged that the State was liable for medical bills he incurred during the course and scope of his training as a Louisiana state trooper in May of 1999. The adjuster with the Louisiana Office of Risk Management denied the claim. After a hearing, the Workers’ Compensation judge (WCJ), Judge Pamela Moses-Laramore, of District 5 of the Office of Workers’ Compensation Administration,[2] rendered judgment in favor of Taylor and ordered the State to pay all medical bills, but denied Taylor’s claims for penalties and attorney fees. Taylor appealed, claiming that the WCJ was manifestly erroneous in denying his claims for penalties and attorney fees. The State also appealed, claiming that the WCJ’s ruling that the State pay Taylor’s medical bills was erroneous.
BACKGROUND
On May 2, 1999, Taylor was a state police trainee with the Louisiana Department of Public Safety and Corrections. While running during the course of his training, Taylor had chest pains. He was taken to a hospital, where he was admitted, and tests were conducted. After a few days, Taylor was released, and he returned to the training academy. He completed his training and is now a state trooper.
Taylor made a workers’ compensation claim for payment of his medical bills. The State denied the claim and refused to pay the medical bills on the basis that Taylor’s chest pains were not covered under the workers’ compensation act. The State concluded that there was “no clear and convincing evidence that the ^physical work stress was extraordinary and unusual in comparison to the stress experienced by the average employee in [Taylor’s] occupation” as required under the workers’ compensation act for heart-related injuries. Subsequently, Taylor’s attorney sent a let *66 ter to the State contesting this decision. The State again denied the claims.
At the trial, Louisiana Office of Risk Management adjuster, Catherine Bourdet, testified that the medical records related to the claim, including the report of the cardiologist, were reviewed before the claim was rejected. She also indicated that during a telephone conversation with Taylor, he indicated that he had experienced diarrhea and vomiting the weekend before he suffered the chest pains. Her office initially concluded that Taylor’s condition was heart-related or a perivascular problem and rejected the claim. After Taylor’s attorney sent a letter on behalf of his client, Ms. Bourdet’s office concluded that the flu and a preexisting heart condition was the basis for Taylor’s pains. She further testified that the subsequent denial was based on the determination that there was no accident and no injury which occurred as a result of an accident.
Taylor testified that he was aware he has a congenital heart murmur. He denied having chest pains in the past from exertional activity. Nor did health problems prevent him from entering the Coast Guard or the state police academy. Taylor explained that the running pace in his training was faster than the pace he was used to. When he returned home on a Friday after weeklong training, he had diarrhea, fever and chills. He took Imodium for the diarrhea and his symptoms disappeared before he returned to the academy on Sunday afternoon. Despite the medical history recorded in the emergency room records, Taylor denied he told doctors at the hospital that he had prior chest pains. Taylor’s wife, Darleen, testified that she had never heard her husband complain of chest pains.
I/The WCJ found that there was an unexpected, unforeseen and identifiable precipitous event (accident) under the statute. The WCJ also concluded that based upon the doctor’s reports, including the cardiologist’s report, “the exertion and the dehydration is the actual true and end-all diagnosis and cause.”
As to the claim for penalties and attorney fees, the WCJ ruled that the State was not unreasonable in denying the claims. The WCJ indicated that there were statements, including those by Taylor to the treating physicians, in the medical reports which “would raise questions in the mind of any adjuster.” The judge also stated that because “all of these tests were done on a cardiovascular situation or to rule out cardiovascular situation,” there could have been more than one interpretation of the exhibits and facts.
MEDICAL EXPENSES
The State argues that the WCJ erred in finding that an accident (unusual or precipitous event) occurred.
An employer has a statutory duty to furnish all necessary medical treatment caused by a work-related injury. La. R.S. 23:1203(A). The right to reimbursement for medical expenses is separate and distinct from the right to compensation. Whether the claimant is entitled to medical benefits is a factual question, the resolution of which may not be disturbed by the appellate court in the absence of manifest error or unless clearly wrong. Parfait v. Gulf Island Fabrication, Inc., 97-2104, p. 9 (La.App. 1st Cir.1/6/99), 733 So.2d 11, 19.
To recover medical expenses under La. R.S. 23:1203, the claimant must prove by a preponderance of the evidence that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. An award of medical expenses must be limited to those expenses shown to have been made neces *67 sary by the work-related accident. An injured employee is not entitled | sto recover for medical expenses where he or she fails to substantiate a claim. Parfait, 97-2104 at 9, 733 So.2d at 19-20.
La. R.S. 23:1031(A) provides that an employer is liable to pay compensation for an employee’s “personal injury by accident arising out of and in the course of his employment.” La. R.S. 23:1021 defines the following terms, in pertinent part:
(1) “Accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
[[Image here]]
(7) (a) “Injury” and “personal injuries” include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted.
[[Image here]]
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
We find no error in the WCJ’s finding that Taylor suffered an injury as a result of an accident and that the State must pay the medical bills related to the claim. Although the hospitalization records indicate that Taylor was brought to the hospital with chest pains and that Taylor’s medical history includes a statement that he had a heart murmur since birth, the cardiac catheterization report indicates that the test results were normal. The hospital consultation record includes a statement |fithat “[e]ach time he runs fast, he develops a sharp pain...” and that “he has good exercise capacity, but with rapid exertion, he develops chest pain.” In his testimony, plaintiff claimed this was a reference to pain he experienced while at the academy. Further, the cardiologist’s report indicates that the chest discomfort was not related to a cardiac source. Rather, the doctor opined that it was likely caused by mild dehydration from a recent flu and strenuous physical exertion. ■There is no other evidence that indicates Taylor suffered a heart attack or heart-related injury. Thus, because Taylor’s condition was not a heart-related injury, La. R.S. 23:1021(7)(e) is not applicable and does not provide a basis to preclude compensation. The fact that some of the medical expenses were required in order to eliminate the possibility of a more life-threatening condition as a cause of the symptoms and to determine whether or not the complaints were compensable does not mean the medical expenses are not due. Medical expenses as a result of an accident include those incurred in order to diagnose the condition.
We find that although Taylor may have been in a weakened condition by the *68 flu, there was an event (running) which caused the pains and condition requiring medical treatment. See Robin v. Schwegmann Giant Supermarkets, Inc., 93-2310, p. 6 (La.App. 1st Cir.11/10/94), 646 So.2d 1030, 1034, writ denied, 95-0202 (La.4/21/95), 653 So.2d 554. Furthermore, a workers’ compensation claimant who suffers from a preexisting condition may prevail by proving an accident aggravated, accelerated, or combined with the preexisting condition to produce the disability for which compensation is claimed. Tate v. Gaylord Container, 97-2944, p. 5 (La.App. 1st Cir.9/25/98), 720 So.2d 24, 27, writ denied, 98-2670 (La.12/18/98), 732 So.2d 528. Thus, based on our review of the record, we find that the WCJ was not manifestly erroneous in ruling in Taylor’s favor for his claim for medical bills.
This assignment of error lacks merit.
| PENALTIES AND ATTORNEY FEES
The WCJ, finding that the State had not acted in an arbitrary or capricious manner in not paying the medical benefits, denied Taylor’s claim for penalties and attorney fees. Taylor argues that this ruling was manifestly erroneous and that the State failed to reasonably controvert the claim.
The statutory right to penalties and attorney fees is set forth in La. R.S. 23:1201(F) and La. R.S. 23:1201.2, which provide, in pertinent part, as follows:
§ 1201.
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
§ 1201.2.
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.
In Parfait, 97-2104 at 16-17, 733 So.2d at 24, this court discussed when an award of penalties and attorney fees was warranted:
Penalties are not to be assessed when the employee’s right to such benefits has been reasonably controverted by the employer or insurer. A claim is reasonably controverted if the employer or insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. An employee has the burden of proving his entitlement to statutory penalties.
An award of attorney fees is appropriate when the employer and/or insurer has acted arbitrarily, capriciously, or without probable cause in failing to pay workers’ compensation benefits. The applicable statute requires a finding that the defendant acted arbitrarily, capriciously, or without probable cause before attorney fees can be assessed. A refusal to pay compensation will not be held to be arbitrary or capricious when this decision is based on competent medical advice. A determination of whether a denial of compensation benefits is arbitrary, capricious, or without probable cause depends ¡¡¡primarily on the facts existing and known at the time that *69 benefits are denied. The realistic standard for making this determination is whether there was a “reasonable” basis for a dispute as to the employee’s entitlement to benefits.
These statutes allowing recovery of attorney fees and penalties are penal in nature and must be strictly construed. Whether the refusal to pay or the discontinuation of benefits warrants the imposition of penalties and attorney fees is a factual question which will not be disturbed upon review in the absence of manifest error.
(Citations omitted.)
We have thoroughly reviewed the record and the evidence in this case and conclude that the State’s failure to pay medical bills was not arbitrary, capricious, or unreasonable in light of the medical evidence that was present. Thus, Taylor was not entitled to penalties and attorney fees pursuant to La. R.S. 23:1201(F) and 23:1201.2.
For the above and foregoing reasons, the judgment of the WCJ is affirmed. Costs of this appeal in the amount of $345.16 are to be paid equally by plaintiff and defendant.
AFFIRMED.

. La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers’ compensation, district from which the appeal was taken and the name of the workers’ compensation judge who rendered the judgment or award.